FILED
2019 Apr-10 PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JEMARIS CORTEZ GOSHA,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:18-CV-8018-SLB |
| ) | Crim. Case No. 2:12-CR-0030-SLB-JEO |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on petitioner Jemaris Cortez Gosha's "Habeas Corpus Actual Innocence Claim in light of Supreme Court decision[s] McQuiggin v. Perkins and Boykin v. Alabama," (doc. 1; crim. doc. 32),[1] which the court deems to be a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Motion to Vacate].

Gosha and his co-defendant, Herman Dewayne Cargill, were each charged with using and carrying a firearm during and in relation to a crime of violence – carjacking – in violation of 18 U.S.C. § 924(c)(1)(A). (Crim. doc. 1 at 2.) Cargill, but not Gosha, was also charged in the Indictment with carjacking. (*Id*. at 1.) Gosha was not charged with carjacking

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 2:12-CR-0030-SLB-JEO, appear as "(crim. doc. __)." Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

in this court because he had entered a guilty plea in Alabama state court to a charge of armed robbery arising out of the carjacking at issue in this case.[2] (*See* crim. doc. 29 at 9.)

Gosha pled guilty pursuant to a Plea Agreement with the Government. (*See* crim. doc. 15; Minute Entry on March 22, 2012.) The Plea Agreement contained the following "Factual Basis for Plea":

> On August 22, 2011, at approximately 5:05 a.m., two males followed the victim to a Birmingham, AL hotel, as she left her place of employment, The Palace. After the victim parked and waited in her vehicle, a BMW X5, the males rushed up to the victim and demanded her money, purse, cell phone, and car keys and ordered her to exit the vehicle. According to the victim, both males were armed with handguns and threatened to shoot her if she did not heed their demands. The victim complied, and one of the robbers fled in her vehicle and the other robber fled in the Ford Expedition that they had driven to the scene of the crime.

(Crim. doc. 15 at 2-3.) He signed the Plea Agreement and initialed the individual pages setting forth these facts. (*Id*.) He affirmed these facts during his plea colloquy.

---

[2]The Department of Justice has an internal policy, known as the *Petite* policy, from *Petite v. United States,* 361 U.S. 529 (1960), to forego federal prosecution following a state prosecution for the same acts unless there are compelling reasons to go forward:

> The *Petite* policy was designed to limit the exercise of the power to bring successive prosecutions for the same offense to situations comporting with the rationale for the existence of that power. Although not constitutionally mandated, this Executive policy serves to protect interests which, but for the "dual sovereignty" principle inherent in our federal system, would be embraced by the Double Jeopardy Clause.

*Rinaldi v. United States*, 434 U.S. 22, 28-29 (1977).

Gosha was convicted on his plea of guilty and sentenced to a custodial sentence of 84 months to be served after completion of his state-court sentence. (Crim. doc. 24.) Judgment was entered on August 21, 2012, (*id.*), and Gosha did not appeal.

On or about October 16, 2016, Gosha filed a document entitled, "Habeas Corpus Actual Innocence Claim in Light of Supreme Court decision McQuiggin v. Perkins and Boykin v. Alabama. (Doc. 1; crim. doc. 32; *see also* doc. 2.) Gosha contends that he is "actually innocent" of the crime of conviction; he alleges:

> The Court was without Jurisdiction to indict or convict. There [is] no record of a federal statute to show congress intended for 924(c) enhancement to attach to a state robbery of 1st degree where the weapon was already used within that State[']s Statute, whereas to use the 924(c) [statute] as a single charge [alone] would have charge[d] Movant twice in violation of double [jeopardy,] violating his human rights under the 5th [amendment –] Once for Robbery in the first degree under Alabama state statue that consist of robbery with a weapon, and twice for a federal charge of a 924(c) that consist[s] of [committing] a crime of violence with the use of a firearm. The question to this court is what crime of violence did Movant commit within a federal Statute for this court to indict or convict. Is it the first degree State robbery charge or is it another crime Movant [committed]. Honorable Court there was no other crime [committed] other than the state first degree robbery where the weapon was already used to convict on that [statute] which make[s] this court lack Jurisdiction to have render[e]d Judgement against Movant and to try to use a single element of bran[d]ishing of the 924(c) would still attach it to the state [statute] where Movant has already served a 20 year spilt 5 for, therefore that single element [can't] be used twice.

(*See* doc. 1 at 1.)

"A § 2255 motion ordinarily is subject to a one-year limitations period," *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010), which in this case began to run when

3

Gosha's conviction became final on September 5, 2012.³ Thus, his Motion to Vacate, filed in October 2016 was not timely filed. However, Gosha contends that he is actually innocent of the crime of conviction and that the court lacked jurisdiction. Therefore, he argues that he can raise his habeas claims at any time. (*See* doc. 1 at 2.)

This court may "appl[y] the miscarriage of justice exception to overcome various procedural defaults," *McQuiggin v. Perkins*, 569 U.S. 383, 392-93 (2013), including an

---

³The Eleventh Circuit has held:

> Section 2255(f) does not define "judgment of conviction" or "final." Nonetheless, we have concluded that when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires. *Mederos v. United States,* 218 F.3d 1252, 1253 (11th Cir. 2000)(noting that when no direct appeal was taken from the original judgment of conviction, the judgment of conviction became final when the time for filing a direct appeal expired); *Akins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2000)("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."); *cf. Clay v. United States,* 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003)("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").
>
> At the time of Murphy's sentencing, a criminal defendant had ten days to file an appeal. Fed. R. App. P. 4(b)(1)(A)(2005)(amended 2009). [Footnote] . . .
>
> [Footnote:] Under the current rules, a defendant has fourteen days to appeal. See Fed. R. App. P. (4)(b)(1)(A) (2009).

*Murphy v. United States*, 634 F.3d 1303, 1307 and n.11 (11th Cir. 2011).

Judgment in this case was entered on August 21, 2012; therefore, because he did not file an appeal, his conviction became final on September 5, 2012. Therefore, he had until September 5, 2013, to file his Motion to Vacate.

untimely-filed Motion to Vacate. The miscarriage-of-justice exception "requires the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is ***actually innocent***." *Schlup v. Delo*, 513 U.S. 298, 327 (1995)(citation and internal quotations omitted; emphasis added). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327). A claim of actual innocence must be supported "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012).

Even if Gosha's Double Jeopardy claim had merit, "this would show, at most, ***legal*** innocence," which is not sufficient to excuse his untimely filing. *See Young v. Jones*, No. 1:14-CV-630-WKW, 2017 WL 1511345, *5 (M.D. Ala. Mar. 31, 2017)(citing *Wallace v. Lockhart*, 12 F.3d 823, 826-27 (8th Cir. 1994) and *Steele v. Young*, 11 F.3d 1518, 1522 & n.8 (10th Cir. 1993))(emphasis added); *see also Waite v. United States*, 74 F.3d 1242 (7th Cir. 1996)("Since Waite has failed to meet the cause and prejudice standard, we may only consider his new claim if it satisfies the fundamental miscarriage of justice exception. . . . Waite does not claim ***factual innocence***; he instead claims merely that the Double Jeopardy Clause prohibits a second punishment for the same offense. His claim is one of ***legal***

5

*innocence*, and does not meet the fundamental miscarriage of justice exception.")(citations omitted; emphasis added); *Drummond v. United States*, 41 F.3d 664 (5th Cir. 1994)("[Defendant's] argument that as a result of being tried on two counts of the indictment he was subjected to double jeopardy [does not] raise a question concerning his actual innocence.")(citations omitted); *Selsor v. Kaiser*, 22 F.3d 1029, 1035 (10th Cir. 1994)(Although Petitioner's claim that he was placed in double jeopardy by virtue of being punished for felony murder and the underlying felony is meritorious, this shows only legal innocence, which the Supreme Court has held insufficient to establish a fundamental miscarriage of justice. Because Petitioner has failed to supplement his constitutional double jeopardy claim with a claim that he is factually innocent of the underlying armed robbery conviction, federal habeas review of his double jeopardy claim is barred.")(citations omitted); *Wereski v. McNeil*, No. 3:08-CV-213, 2009 WL 1098465, *8 (N.D. Fla. Apr. 22, 2009)(Petitioner's "double jeopardy arguments, relate to the legal sufficiency of his plea and some of the charges, not his factual innocence of the crimes; therefore, these allegations are insufficient" to show actual innocence in order to excuse untimely filed habeas petition).

Gosha admitted his factual guilt to the crime of conviction during his plea colloquy and in his Plea Agreement. He has made no attempt to present new reliable evidence that he did not use and/or carry a firearm during the car-jacking. What he offers are his legal contentions that, because he was not charged with car-jacking in the Indictment and because his armed robbery state-court conviction required proof that he used a firearm, his conviction should be set aside. However, these legal contentions do not constitute new and reliable

evidence of his factual innocence. Therefore, they provide no basis to excuse his untimely filing.

Because Gosha has admitted his guilt and because he has presented no new and reliable evidence to show he is actually innocent of the crime of conviction, the court finds no exception to the one-year time limit for filing a § 2255 petition is warranted. The Motion to Vacate, (doc. 1; crim. doc. 32), will be denied and his habeas petition will be dismissed.

In the alternative, the court finds Gosha's double-jeopardy claim is without merit. In order to convict Gosha of violating § 924(c)(1), the government was required to prove that Gosha, "during and in relation to any crime of violence or drug trafficking crime . . . for which the person *may be prosecuted* in a court of the United States, use[d] or carrie[d] a firearm, or . . . in furtherance of any such crime, possesse[d] a firearm." *See* 18 U.S.C. § 924(c)(1)(A). The government was not required to *charge* or *convict* Gosha of the predicate offense of carjacking in order to convict him of the § 924(c) violation; it was only required to prove he had committed the predicate offense. *United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005)("By its plain language, section 924 does not require that a defendant be convicted of, or even charged with, the predicate offense to be found guilty of using or carrying a firearm in relation to the predicate offense. Section 924(c) requires only that the drug trafficking crime [or crime of violence] be one that 'may be prosecuted.'"); *see also United States v. Richards*, 721 Fed. Appx. 843, 846 (11th Cir. 2017)("[Defendant] admitted as part of his guilty plea that he in fact committed the offense of carjacking, even if he was not convicted of that offense. Thus, the fact that he was not convicted of carjacking does not

7

undermine his § 924(c) conviction for discharging a firearm during and in relation to the predicate offense of carjacking." (citing *Frye*, 402 F.3d 1127-28)), *cert. denied*, 138 S. Ct. 2012 (2018). By pleading guilty, Gosha admitted facts sufficient to establish carjacking in violation of federal law. His conviction stands despite the fact that he was not charged or convicted in this court of carjacking.

Also, the Double Jeopardy Clause does not prevent Alabama and the United States from prosecuting Gosha twice for the same conduct as long as that conduct violates distinct state and federal laws; this is known as the dual sovereignty doctrine. "It is well established that elementally identical offenses are nevertheless different for purposes of the Double Jeopardy Clause when they are charged by separate sovereigns. The dual sovereignty doctrine permits each sovereign to prosecute the offense against it." *United States v. Hunter*, No. 5:04-CR-26/MCR, 2007 WL 1225390, *7 (N.D. Fla. Apr. 24, 2007)(citing *Heath v. Alabama*, 474 U.S. 82, 88 (1985); *United States v. Wheeler*, 435 U.S. 313, 317 (1978); *United States v. Lanza*, 260 U.S. 377, 382 (1922); *United States v. Baptista*, 17 F.3d 1354, 1360 (11th Cir. 1994)). Therefore, even if the court assumes Gosha's state-court conviction for armed robbery and his conviction in this court for a § 924(c) violation are for the same offense,[4] such convictions do not violate the Double Jeopardy Clause.

---

[4]Congress intended cumulative punishments under § 924(c) and the predicate crime of violence or drug offense; therefore, "the Double Jeopardy Clause does not bar the imposition of cumulative punishments under both [the predicate offense] and 18 U.S.C. § 924(c)." *United States v. Malone*, 78 F.3d 518, 519 n.1(11th Cir. 1996)(citing *United States v. Moore*, 43 F.3d 568, 574 (11th Cir. 1995); *United States v. Martin*, 38 F.3d 534, 535 (11th Cir. 1994)); *see also United States v. Johnson*, 265 Fed. Appx. 833, 835 (11th Cir.

# CONCLUSION

Based on the foregoing, the Motion to Vacate filed by petitioner Jemaris Cortez Gosha, (doc. 1; crim. doc. 32), is due to be denied as untimely filed and, in the alternative, as without merit. An Order denying the Motion to Vacate will be entered contemporaneously with this Memorandum Opinion.

# CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)(citations and internal quotations omitted).

---

2008)(The Eleventh Circuit "explicitly [has] held that the Double Jeopardy Clause does not bar the imposition of cumulative punishments for violating sections 924(c) [the firearm statute] and 2119 [the carjacking statute] of Title 18." (quoting *Moore*, 43 F.3d at 574))(internal quotations omitted).

Gosha has not demonstrated the denial of a constitutional right or that the issue he raises is reasonably debatable and/or deserves encouragement to proceed further. Therefore, issuance of a certificate of appealability is not warranted in this case.

**DONE** this 9th day of April, 2019.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE